UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DANNY BLAIR, JR. | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-67 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## **MEMORANDUM OPINION**

The plaintiff Danny Blair, Jr., has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for supplemental security income under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Blair was born in 1980 and was 24 years old at the time of his administrative hearing. [Tr. 143]. He completed eleventh grade and has relevant past work experience as a landscape laborer, sorter, and dish washer. [Tr. 14, 143]. Mr. Blair alleges he is disabled as of March 20, 1999, from attention deficit disorder, a bi-polar disorder, back pain, joint pain, headaches, sleeping problems, and comprehension problems. [Tr. 14]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Blair

was not disabled as defined by the Social Security Act. [Tr. 18].

At Mr. Blair's administrative hearing held on August 17, 2004, the testimony of Mr. Blair, his mother Debra Presnell, and vocational expert Dr. Robert Spangler was received into evidence. [Tr. 143-66]. Mr. Blair testified he was often in special education classes during his schooling and was expelled numerous times for fighting and being disruptive. [Tr. 145-46]. He last worked as a die caster in 2001. [Tr. 146-47]. He also worked as a grinder and a dish washer and at a lumber yard. [Tr. 147-48]. He left two of the jobs after being injured and the other one after conflicts with co-workers. [*Id*.]. Mr. Blair testified he was recently arrested for assaulting his mother. [Tr. 150-51]. He enjoys fishing. [Tr. 153]. Mr. Blair testified he occasionally has problems with his back feeling like it is "locked up." [Tr. 153-54].

Debra Presnell, Mr. Blair's mother, testified next. [Tr. 157-63]. Ms. Presnell was told while her son was in elementary school that he would never be placed in "a regular classroom setting because he can't keep up with the kids. Either one minute he's too fast, or next minute he's too slow." [Tr. 158]. She also testified that Mr. Blair was diagnosed with attention deficit hyperactivity disorder [ADHD] when he was eight years old. [Tr. 159].

Vocational expert Dr. Robert Spangler testified Mr. Blair's past relevant work

2

as a landscape laborer was between medium and heavy and unskilled, his work as a sorter was between medium and heavy and unskilled, and his work as a dish washer was medium and unskilled. [Tr. 164]. The ALJ then asked the vocational expert to consider a person of Mr. Blair's age, education, and work background who had no exertional limitations but could only perform simple, unskilled, and low stress jobs that would not require him to regularly interact with the general public. [*Id*.]. According to the vocational expert, such a person could perform work at the simple and heavy, medium, and light areas. [*Id*.]. Some of the medium and light jobs included truck driver helper, houseman, janitor, farm worker, forestry worker, non-construction laborer, hand packer, sorter, assembler, and production machine tender. [Tr. 165].

The ALJ ruled that Mr. Blair was not disabled because his severe mental impairments were not severe enough for a finding of disability. [Tr. 18]. The ALJ then found he retained the residual functional capacity [RFC] to perform simple, unskilled work that did not require working with the public. [Tr. 19]. Since the vocational expert identified 37,450 jobs in Mr. Blair's region that met this RFC, the ALJ determined there was a significant amount of work in the economy which he could perform. [Tr. 20].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect

legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Blair requests summary judgment and challenges the ALJ's evaluation of his mental impairments. According to the ALJ, Mr. Blair was psychologically evaluated in 1990, which indicated he had social orientation problems and adjustment difficulties. [Tr. 16]. Mr. Blair did not receive additional mental health treatment until 2001 when he complained to his family doctor about depression. [Tr. 17]. The doctor diagnosed him with an unspecified anxiety state, panic disorder, bi-polar disorder/depression in partial remission, and ADHD. [*Id.*]. In October 2003, Mr. Blair was evaluated by Diane Whitehead, Ph.D., in connection with his application for benefits. [*Id.*]. Dr. Whitehead found he presented as a person with a disordered personality, including problems with authority figures. [Tr. 18]. The doctor

4

diagnosed ADHD and a personality disorder, and she wanted to rule out an intermittent explosive disorder. [*Id.*]. She found Mr. Blair had slight to moderate limitations in persistence because of his ADHD and poor anger management. [*Id.*].

In the end, the ALJ determined Mr. Blair's mental impairments were severe but not severe enough for a finding of disability. [Tr. 18]. These impairments result in a mild restriction of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, and pace. [*Id.*]. The record before this court indicates a lack of continuous and significant mental health treatment for Mr. Blair. The ALJ's RFC was consistent with the psychological and psychiatric reports available and was based on substantial evidence.

Mr. Blair also contends the ALJ's decision that there was other work in the national economy that he could perform was not supported by the evidence. The ALJ found, based on the vocational expert's testimony, that there were 37,450 jobs in this region that Mr. Blair could perform with his RFC. As discussed above, this court agrees with the ALJ's RFC assessment. And, under any Sixth Circuit decision on the subject, 37,450 jobs is certainly a significant number.[1] Consequently, the ALJ did

---

[1] In *Hall v. Bowen*, 837 F.2d 272, 273-76 (6th Cir. 1988), for example, 1,350 jobs was found to be a significant number of jobs in a region.

not err in finding there was a significant amount of work Mr. Blair could perform in this region and in the national economy.

Finally, Mr. Blair claims the ALJ erred by not addressing the testimony of his mother at the administrative hearing. There is no Sixth Circuit decision requiring an ALJ to specifically address in his decision the testimony of each and every witness at an administrative hearing. Therefore, the ALJ did not commit any error by not mentioning the testimony of Mr. Blair's mother.

After careful consideration of the entire record of proceedings related to this case, Mr. Blair's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

      s/Thomas Gray Hull
    THOMAS GRAY HULL
     SENIOR U. S. DISTRICT JUDGE